### DAVID C. CHURCHILL vs. JOSHUA WARREN.

A mere seizure of property on execution does not divest the title of the judgment debtor.

When such seizure is made of sufficient property to satisfy an execution against one joint and several debtor, and the property is before sale returned by agreement of the parties, this constitutes no bar to a recovery against the other debtor.

THIS was an action of assumpsit on a receipt, made jointly and severally by the defendant and *Robert Turner*, for fifteen tons of hay. Said hay was attached in A. D. 1818, on a writ in favor of *William Davison, jun.* against said *Warren*, on which judgment was finally rendered against said *Warren*, February term of the common pleas, A. D. 1820.

In February, A. D. 1819, an action on the receipt was commenced against *Turner* alone, and judgment recovered against him, Nov. term, 1819. At May term, 1820, " it is ad-" mitted by the parties, that the execution against said *Tur-* " *ner* was levied on the personal property of said *Turner* on " the 27th of Dec. 1819, and the property put under the care " of *Abel Kent ;* that the property was advertised for sale " by the officer, but was never removed, and the sale de-" layed from time to time, by the request of said *Turner*, till " on the 10th of February, A. D. 1820, by his request the " execution was taken back from the officer by the plaintiff's " attorney, under an agreement that the said *Turner* should " pay the same soon, and pay what the officer should tax for " his fees; the property having never in fact been removed " from said *Turner*, and still remains with him. It is now " submitted to the court, whether the levy of said execution, " the attorney of the plaintiff having taken the same back " before any sale, by request of said *Turner*, is such a satis-" faction and discharge of the same is will bar the present " action," &c. &c.

A verdict having been taken by consent for the plaintiff for an agreed sum, it was further stipulated, that according to the opinion of the court on the above question, judgment should be entered thereon, or the verdict be set aside, and the plaintiff become nonsuit.

*Fletcher* and *Britton*, counsel for the plaintiff.

*Smith* and *Bell*, for the defendant.

Churchill
*vs.*
Warren.

WOODBURY, J., remarked, that, on authority, there seemed to be some doubt concerning the questions presented by this statement. Because the following cases appear to countenance an idea, that a mere seizure of property on execution divests the title of the debtor. 1 *Mod.* 30.—1 *Levinz.* 282.—1 *Vent.* 52.—6 *Mod.* 293.—*Holt* 646.—1 *Salk.* 323. —3 *Salk.* 159.—4 *Mass. Rep.* 403.—2 *ditto* 517.

But the observations in those cases upon this point are mostly *obiter dicta ;* and seem contradicted by other authorities. 16 *East* 274.—2 *Equi. Cases Ab.* 381.—14 *Mass. Rep.* 475.—4 *East* 523.—7 *Mass. Rep.* 506.—9 *ditto* 105.—8 *John.* 520.—3 *Camp. N. P.* 347.—1 *Brodwick & Bing.* 370, *Swain vs. Morland.*—1 *Barn. & Ald.* 157, *Lear vs. Edmunds.**

On principle, however, there can be no doubt, that the general property in the articles seized remains in the debtor till a sale by the officer, or, in other words, till " execution " be done" or executed. *Com. Di. Pleader* 2.—*W.* 36.— and auths. *Supra.*—*Cro. Ch.* 328.

The sheriff, or debtor, acquires, by the mere seizure, only a special interest. *Vide Supra.*—2 *Saund.* 47.—5 *Mass. Rep.* 401.—*Dyer* 99, *a* 676.—1 *Brown.* 41.—*Nay.* 107.—1 *N. H. Rep.* 289, *Poole vs. Symonds.*

Hence it follows, that without a sale, or until a sale of the articles, the judgment is not satisfied. Because a debtor cannot pay a judgment with his property and still retain the title to it. And in *Lear vs. Edmunds,*(1) it is expressly laid down by *Abbott, Ch. J.,* where goods had been seized on a distress for rent, that " if the goods have been relinquished " at the request of the party, then the distress could not " operate as a bar" to an action for the rent.

(1) 1 Barn. & Ald. 157.

It seems to be still clearer, that such a seizure and relinquishment of property by agreement of the parties, in an execution against one joint and several debtor, is no bar to a recovery against the other debtor. 2 *Shower* 394, *Dyke vs. Mercer.*—*Cro. Ch.* 75, *Whiteacres vs. Hawkinson.*

---

* 19 John. 367.

See an able note on the first point by Mr. *Metcalf*, in *Ayer vs. Aden Yelverton* 44.

*Judgment on the verdict.*